IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE MAE WILLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:12-CV-296-WKW |
| v. | )           [WO] |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Charlie Mae Willett brings this Federal Tort Claims Act action, *see* 28 U.S.C. § 1346(b), alleging that the United States's negligence caused the injuries she sustained when she was sexually assaulted while a patient in a veteran's administration hospital. The United States moves to dismiss Ms. Willett's complaint for lack of subject matter jurisdiction based upon sovereign immunity. (Doc. # 19.) The motion has been fully briefed. After careful consideration of the arguments of counsel and the relevant law, the motion is due to be granted with leave to amend.

**I. JURISDICTION AND VENUE**

The parties do not contest personal jurisdiction or venue. Subject matter jurisdiction is at issue.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Because the United States's motion is a facial attack, the court examines whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction." *Id.*

In defending a Rule 12(b)(1) facial attack, a plaintiff has procedural protections similar to those offered by Rule 12(b)(6). *See id.* The court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  FACTUAL BACKGROUND

In April 2009, Ms. Willett was a patient at the Montgomery, Alabama campus of the Central Alabama Veterans Health Care System ("the hospital"). While hospitalized, she was sexually assaulted. Her assailant, Marvin Chappell, was a hospital employee (Am. Compl. ¶ 8), and his supervisors were on notice that he had "previously sexually molested patients." (Am. Compl. ¶ 9.)

Ms. Willett brings this FTCA action alleging that the United States is liable for the negligence of two supervisory hospital employees with respect to their hiring and supervision of Mr. Chappell. (Am. Compl. ¶¶ 14–15.) In Ms. Willett's words, these government employees "negligently fail[ed] to institute proper procedures for the hiring, supervising and maintenance of male employees with female patients, negligently permitted the sexual assault by Marvin Chappell, and negligently engaged in a failed investigation of a prior incident, which, if investigated and disciplined, might have prevented" the assault. (Am. Compl. ¶ 14.)

## IV. DISCUSSION

Absent a waiver, sovereign immunity poses a jurisdictional bar to suit against the United States. *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263, (11th Cir. 2000). Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Several exceptions in 28 U.S.C. § 2680 limit this waiver, however, and where the limitations apply, sovereign immunity remains a jurisdictional bar to suit.

The United States asserts that the court lacks subject matter jurisdiction over Ms. Willett's negligent hiring and supervision claims based upon two exceptions: (1) the FTCA's assault and battery exception, *see* § 2680(h), and (2) the FTCA's discretionary function exception, *see* § 2680(a). For the reasons that follow, the court finds that the negligent hiring and supervision claims fall within § 2680(h) and, therefore, are barred by sovereign immunity. Based on that finding, the court need not address the arguments with respect to § 2680(a).

Section 2680(h) provides, in pertinent part, that the waiver of § 1346(b) "does not apply to . . . [a]ny claim arising out of assault [or] battery . . . ." Ms. Willett argues that her claims do not arise out of Mr. Chappell's assault and battery, but rather sound solely in the United States's negligence in hiring and supervising Mr. Chappell. She relies on *Sheridan v. United States*, 487 U.S. 392 (1988).

In *Sheridan*, the defendants were naval corpsmen who attempted to assist an off-duty serviceman who they knew was armed and intoxicated. *Id.* at 395. When the serviceman broke away and fled, the defendants did not pursue him or report his condition to the appropriate governmental authority, as required by regulation. *Id.* Later that evening, the drunken serviceman fired his weapon, injuring one of the plaintiffs and damaging their car, and the plaintiffs brought suit against the United States. They alleged liability based upon the negligence of the naval corpsmen who

4

voluntarily assisted the serviceman, but then allegedly carelessly abandoned that assistance. *See id.* at 398.

The Supreme Court of the United States held that the FTCA's assault and battery exception did not preclude the plaintiffs' action because neither the assailant's "employment status nor his state of mind ha[d] any bearing on the basis for" the plaintiffs' claim. *Id.* at 403. "[I]n a case in which the employment status of the assailant has nothing to do with the basis for imposing liability on the Government, it would seem perverse to exonerate the Government because of the happenstance that [the assailant] was on a federal payroll." *Id.* at 402. The negligence claim arose not from the employment relationship between the assailant and the United States, but rather because of: (1) the government's independent duty created by its voluntary adoption of regulations with respect to weapons reporting; and (2) the duty owed by the government once it "voluntarily under[took] to provide care to a person who was visibly drunk and visibly armed." *Id.* at 401.

The Fifth Circuit has summarized *Sheridan*'s holding as follows: "*Sheridan* stands for the principle that negligence claims related to a Government employee's § 2680(h) intentional tort may proceed where the negligence arises out of an independent, antecedent duty unrelated to the employment relationship between the

tortfeasor and the United States."[1]  *Leleux v. United States,* 178 F.3d 750, 757 (5th Cir. 1999).  In short, the United States would have owed the plaintiffs the same duty even if the assailant had been a civilian.

The Supreme Court in *Sheridan* left open whether the FTCA always bars negligent hiring and supervision claims when a plaintiff alleges a foreseeable assault and battery by a government employee.  *See* 487 U.S. at 403 n.8.  An unpublished decision from the Eleventh Circuit, however, indicates that Ms. Willett's claims rest on shaky ground.  *See Reed v. U.S. Postal Serv.*, 288 F. App'x 638, 640 (11th Cir. 2008).

In *Reed*, an FTCA action arising from an assault on the plaintiff by a government employee, the plaintiff brought a negligent hiring claim against the United States, which countered with a Rule 12(b)(1) motion to dismiss on the basis of sovereign immunity.  The Eleventh Circuit recognized that in a pre-*Sheridan* decision it had held that "a plaintiff cannot avoid the § 2680(h) exclusions by recasting a complaint in terms of a negligent failure to prevent assault or battery because § 2680(h) bars any claim 'arising out of' assault or battery, including claims

---

[1] *Sheridan* also has been described as "an exception to an exception to an exception to a general rule."  *CNA v. United States*, 535 F.3d 132, 148 (3d Cir. 2008).  "The general rule is sovereign immunity:  the Government cannot be sued."  *Id.*  "The FTCA creates an exception to that rule by waiving sovereign immunity.  That waiver of sovereign immunity comes with . . . exceptions (such as the assault-and-battery exception of § 2680(h))."  *Id.*  *Sheridan* then created an exception to § 2680(h) by holding that "claims of independent negligence committed by Government employees are not barred by the assault-and-battery exception."  *Id.*

that sound in negligence but stem from a battery committed by a government employee." *Id.* at 639–40.  The *Reed* court examined but distinguished *Sheridan*. Unlike in *Sheridan*, "the only basis . . . for liability to attach to the United States as a result of [the plaintiff's] assailant's actions would be via the employment relationship itself." *Id.* at 640.  "Were the government aware of the assailant's purportedly violent history, it would only be as a result of the knowledge it gained as his employer and any liability on the part of the government would inure solely because of its status as [the plaintiff's] and the assailant's employer." *Id.*

In her complaint, Ms. Willett does not allege any facts that bring her claim within the holding of *Sheridan*, and *Reed* confirms *Sheridan*'s inapplicability here. Ms. Willett argues that neither Mr. Chappell's "employment status nor his state of mind is at issue . . . because [she] is alleging that the employer failed in its (the USA's) duty to [Ms. Willett]."  (Doc. # 17, at 4.)  To the contrary, however, Mr. Chappell's employment status bears directly on the United States's liability for the negligent hiring and supervision claims.  The very acts that Ms. Willett alleges were negligent, *i.e.*, the United States's hiring and supervision of Mr. Chappell (Doc. # 16 ¶ 14), are linked inextricably to and are entirely dependent upon Mr. Chappell's status as a government employee.  But for the employment relationship between the United

States and the tortfeasor, Ms. Willett's claim for negligent hiring and supervision would not lie.

Based upon *Sheridan* and *Reed*, Ms. Willett must allege a duty owed to her that is "entirely independent" of Mr. Chappell's employment status to avoid application of § 2680(h). *Sheridan*, 487 U.S. at 401. She has not done so. The United States's sovereign immunity bars, therefore, Ms. Willett's negligent hiring and supervision claims.

In her brief, Ms. Willett alludes to a potentially successful application of *Sheridan*, however. Namely, relying on *Young v. Huntsville Hospital*, 595 So. 2d 1386 (Ala. 1992), she argues that under Alabama law, the hospital owed a duty – regardless of Mr. Chappell's government employment status – to protect her from the foreseeable criminal acts of third parties.[2] (*See* Doc. # 17, at 12.) In *Young*, a premises liability case, the Alabama Supreme Court emphasized that absent "special

---

[2] The "law of the place where the act . . . occurred," § 1346(b), is the "source of substantive liability under the FTCA," *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). Courts also have applied the law of the situs of the injury to determine under § 2680(h) whether the government owed a duty to the plaintiff that was distinct from the tortfeasor's status as a federal government employee. *See Bembenista v. United States,* 866 F.2d 493, 498 (D.C. Cir. 1989) (holding that the plaintiff's FTCA claim was not barred by the assault and battery exception because under District of Columbia law, the army medical center owed a duty to the plaintiff "to protect her against foreseeable, injurious acts of third persons"); *Malone v. United States*, 61 F. Supp. 2d 1372, 1381 (S.D. Ga. 1999) (discussing the FTCA's assault and battery exception and finding that the plaintiff "failed to establish a general duty to protect owed to her under Georgia law"). Based upon this authority and absent any contrary argument from the parties, the court will assume without deciding that it is appropriate to look to Alabama law in determining whether Ms. Willett's FTCA claim falls within the assault and battery exception to FTCA liability.

relationships or circumstances," an individual cannot be held liable for failure to protect another from a third party's intentional criminals act. 595 So. 2d at 1387 (emphasis omitted). *Young* found the existence of a special relationship between the patient and the hospital based upon evidence that the plaintiff "was anesthetized or sedated and therefore unable, or less able, to protect herself from" the sexual assault. *Id.* at 1388. This special relationship "create[d] a duty on the hospital's . . . part to protect the patient from criminal acts of third parties." *Id.* at 1389.

At least one court in this district has applied *Young* to preclude application of § 2680(h). *See Gess v. United States*, 952 F. Supp. 1529 (M.D. Ala. 1996). In *Gess*, the United States was sued under the FTCA for negligence when a medical technician surreptitiously injected infants in an Air Force Hospital's nursery ward with toxic doses of lidocaine. The court rejected the United States's argument that the FTCA's assault and battery exception barred the action. Applying Alabama law, the court found that the hospital owed the infants a duty to protect them against the foreseeable criminal acts of third parties and that, as in *Sheridan*, that duty was independent of the medical technician's status as a government employee. *See id.* at 1551. The Seventh Circuit similarly has concluded: "Where the government affirmatively assumes a duty to the victim prior to the assault, and the government breaches that duty causing injury to the victim, we cannot say that her claim arises out of the assault. Rather, it arises

9

out of the breach of that affirmative duty." *Doe v. United States*, 838 F.2d 220, 223 (7th Cir. 1988).

The foregoing authority suggests that § 2680(h) would not bar a properly pleaded claim alleging a government employee's breach of a duty of protective care under Alabama law. In that instance, the basis for liability would be independent of Mr. Chappell's employment status. However, the governing complaint does not plead a claim that the United States negligently failed to protect Ms. Willett from the criminal acts of Mr. Chappell. Rather, Ms. Willett merely alludes to such a claim in her brief, but she may not amend her complaint in a brief. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Nor does the complaint allege a condition of incapacitation sufficient to show a special relationship between Ms. Willett and the hospital as contemplated by *Young*. Although Ms. Willett indicates that when assaulted, she was "heavily medicated and asleep" (Doc. # 17, at 2), she again confines this assertion to her brief.

Given the early stage of this litigation, and persuaded that Ms. Willett may be able to allege a viable FTCA claim that supports subject matter jurisdiction, the court will permit Ms. Willett to amend her complaint should she desire to do so. On this record, the interests of justice support the amendment, and the prejudice to the United States is minimal.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's FTCA claims alleging negligent hiring and supervision fail for lack of subject matter jurisdiction.  Accordingly, it is ORDERED that the United States's Rule 12(b)(1) motion to dismiss (Doc. # 19) is GRANTED.  Plaintiff is GRANTED until **January 23, 2013**, to file an amended complaint that cures the defects addressed in this opinion.

Failure to file an amended complaint by this deadline will result in dismissal of this action.

It is further ORDERED that the earlier motion to dismiss (Doc. # 10) is DENIED as moot.

DONE this 9th day of January, 2013.

>     /s/ W. Keith Watkins
> CHIEF UNITED STATES DISTRICT JUDGE