IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLIE MAE WILLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:12-CV-296-WKW |
| v. | ) | [WO] |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charlie Mae Willett brings this Federal Tort Claims Act ("FTCA") action.  In it, she alleges that the United States's negligence caused the injuries she sustained when a hospital employee sexual assaulted her while she was a patient at the Central Alabama Veterans Health Care System ("CAVHCS") facility in Montgomery, Alabama.

In January 2013, the court dismissed the First Amended Complaint on the United States's motion and granted Ms. Willett leave to amend a second time.  (Doc. # 22.)  Ms. Willett accepted that invitation, and the United States moved to dismiss Ms. Willett's Second Amended Complaint (Doc. # 23) for lack of subject matter jurisdiction based upon sovereign immunity.  (Doc. # 27.)  The parties have fully briefed the motion.  (Docs. # 28, 32, 35.)  After careful consideration of the

arguments of counsel and the relevant law, the motion is due to be denied with leave to refile after limited jurisdictional discovery.

## I.  JURISDICTION AND VENUE

The parties do not contest personal jurisdiction or venue.  Subject matter jurisdiction is at issue, as set out below.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  The United States frames its motion as a facial attack, and thus asks the court to examine whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction." *Id.*  Practically, however, Defendant's motion factually attacks subject matter jurisdiction, as it asks the court to consider the pleadings and matters outside them.  *See Hogan v. U.S. Postmaster Gen.*, 492 F. App'x 33, 34 (11th Cir. 2012) ("By arguing that Hogan's claim is governed by the discretionary function exception, the United States factually attacks our subject matter jurisdiction."); *Rodriguez v. United States*, 415 F. App'x 143, 145 (11th Cir. 2011) (noting, when reviewing a motion to dismiss based on the FTCA's discretionary function exception, the court's authority to consider "matters outside the pleadings, such as testimony and affidavits").

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the legal standard articulated by Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The standard requires the plaintiff to plead "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's claim. *Twombly*, 550 U.S. at 556.

### III.  FACTUAL BACKGROUND

The factual background is laid out in the court's earlier order on the United States's first motion to dismiss. (Doc. # 22.) Ms. Willett alleges that while she was an inpatient at CAVHCS, CAVHCS employee Marvin Chappell sexually assaulted her while she was "heavily medicated." (Doc. # 23 ¶ 12.) She alleges Chappell "sexually molested" other patients, before and after her assault, and that CAVHCS administrators were or should have been aware of those assaults. (Doc. # 23 ¶ 9.)

Ms. Willett's FTCA action alleges that the United States is liable because her hospitalization and sedation created a special relationship between her and the CAVHCS, from which a duty of care flowed. In Ms. Willett's words, this special

3

relationship "[gave] rise to a duty to protect [her] from the criminal acts of third parties" while she was in CAVHCS's care.  (Doc. # 23, ¶ 17.)  Specifically, she alleges that the United States "negligently failed to protect her" from a foreseeable sexual assault.  (Doc. # 23, ¶ 18.)

## IV.  DISCUSSION

Absent a waiver, sovereign immunity poses a jurisdictional bar to suit against the United States.  *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263, (11th Cir. 2000).  Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).[1]  Several exceptions in 28 U.S.C. § 2680 limit this waiver, however, and where the limitations apply, sovereign immunity remains a jurisdictional bar to suit.

The United States asserts that the court lacks subject matter jurisdiction over Ms. Willett's negligent hiring and supervision claims based upon two exceptions:

---

[1] Here, Alabama law is the source of substantive liability.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (holding that "law of the place where the act . . . occurred," § 1346(b), is the "source of substantive liability under the FTCA").

4

(1) the FTCA's assault and battery exception, *see* § 2680(h), and (2) the FTCA's discretionary function exception, *see* § 2680(a).  The court will address each in turn.

### A.   Plaintiff's complaint avoids application of the assault and battery exception.

The FTCA stands as an exception to the general rule of sovereign immunity. The assault and battery exception is an exception to that exception; it preserves the United States's immunity from claims "arising out of" intentional torts, like battery. 28 U.S.C. § 2680(h).  Ms. Willett relies on *Sheridan v. United States*, 487 U.S. 392 (1988), to argue that her claims arise not from her assailant's intentional acts, but from the United States's failure to exercise a duty of reasonable care to protect her from the foreseeable criminal acts of third parties during her hospitalization.

In *Sheridan*, the Supreme Court of the United States held that the FTCA's assault and battery exception does not preclude suit where neither the assailant's "employment status nor his state of mind ha[d] any bearing on the basis for" the plaintiffs' claim.  *Id.* at 403.  In *Sheridan*, naval corpsmen undertook to assist an obviously armed and intoxicated serviceman, and they abandoned their efforts when he broke away and fled, later firing into the plaintiffs' car.  The negligence claim arose not from the employment relationship between the assailant and the United States, but rather because of:  (1) the Government's independent duty created by its

voluntary adoption of regulations with respect to weapons reporting; and (2) the duty owed by the Government once it "voluntarily under[took] to provide care to a person who was visibly drunk and visibly armed." *Id.* at 401.

Under *Sheridan*, a claim for negligence may lie "where the negligence arises out of an independent, antecedent duty unrelated to the employment relationship between the tortfeasor and the United States." *Leleux v. United States,* 178 F.3d 750, 757 (5th Cir. 1999). In short, if the United States would have owed a plaintiff the same duty whether the assailant was a civilian or a government employee, the assault and battery exception does not re-erect immunity as an obstacle to an FTCA claim.

If Ms. Willett's allegations are proven, the United States would have owed her the same duty, whether her assailant was a hospital orderly, a vending machine serviceman, or a stranger who wandered into the hospital. Under Alabama law, the hospital owes a general duty of care, Ala. Code § 6-5-484, in addition to a more specific "duty to a sedated or anesthetized patient, who, because of such condition and the circumstances surrounding it, is dependent on the hospital." *Young v. Huntsville Hosp.*, 595 So. 2d 1386, 1390 (Ala. 1992). The employment status of Ms. Willett's assailant is irrelevant to the duty owed based on the special relationship.

*Gess v. United States* is instructive on this point. 952 F. Supp. 1529 (M.D. Ala. 1996). In *Gess*, parents sued under the FTCA when a medical technician

6

surreptitiously injected infants in an Air Force hospital's nursery with toxic doses of lidocaine. The court rejected the United States's argument that the FTCA's assault and battery exception barred the action because the hospital owed the infants a duty to protect them against the foreseeable criminal acts of third parties and, as in *Sheridan*, that duty was independent of the medical technician's status as a government employee. *Id.* at 1551.

This is not to say that the employment relationship is wholly irrelevant to the analysis. As illustrated by *Gess*, *id.* at 1558, information gained as a result of the employment relationship may make criminal acts foreseeable, and the foreseeability of the criminal acts is a necessary element for proving liability under *Young* and – by extension – under the FTCA. Presented with no binding authority to the contrary,[2] the court finds that applying the assault and battery exception to prevent liability because criminal acts are foreseeable based in part[3] on the employment relationship

---

[2] Other district courts have found that *Sheridan* does not apply "where an allegedly foreseeable battery was only foreseeable to the [United States] because it happened to be the assailant's employer." *Acosta v. United States*, 207 F. Supp. 2d 1365, 1369 (S.D. Fla. 2001) (discussing *Bajkowski v. United States*, 787 F. Supp. 539, 541–42 (E.D.N.C. 1991)), *aff'd* 52 F. App'x 486 (11th Cir. 2002) (table decision). The Eleventh Circuit has too, but in an unpublished opinion premised on negligent hiring and supervision, not based on an affirmative duty arising from a special relationship. *See Reed v. U.S. Postal Serv.*, 288 F. App'x 638, 640 (11th Cir. 2008) (holding that where awareness "of the assailant's purportedly violent history" came only from knowledge the United States gained as his employer, the assault and battery exception under the FTCA barred a negligent hiring claim).

[3] An attack by an employee could be foreseeable simply because it had happened before, the same way an earlier attack by hospital intruder might make a later attack by a hospital intruder foreseeable. Here, foreseeability based on a prior similar act would be only incidentally

between the assailant and the Government perversely exonerates "the Government because of the happenstance that [the assailant] was on a federal payroll." *Sheridan*, 487 U.S. at 402. So long as the duty arises independent of the employment relationship, it is of no moment that the employment relationship – rather than some other means – made the attack foreseeable. *Sheridan* focused on the independence of the employment status, not the independence of the foreseeability. *Id.* at 401 ("[T]he negligence of other Government employees who allowed a foreseeable assault and battery to occur may furnish a basis for Government liability that is entirely independent of [the assailant's] employment status.").

Ms. Willett's earlier complaint lacked allegations allowing reliance on *Sheridan*. The allegations of her Second Amended Complaint, however, comport with *Sheridan* and are consistent with *Young*. Ms. Willett's claim, therefore, survives application of the assault and battery exception. The court must still decide whether the discretionary function exception applies.

**B. The court lacks sufficient information to rule on the discretionary function exception, making limited jurisdictional discovery appropriate.**

The discretionary function exception is another exception to the FTCA's broad waiver of immunity. It bars claims based on "the exercise or performance or the

---

linked to the employment relationship.

failure to exercise or perform a discretionary function or duty on the part of a federal agency or the employee of the Government, whether the discretion involved be abused." 28 U.S.C. § 2680(a).

A two-part test determines whether the discretionary function exception applies to re-erect sovereign immunity as a bar to suit. *United States v. Gaubert*, 499 U.S. 315, 322 (1991), *Autery v. United States*, 992 F.2d 1523, 1526 (11th Cir. 1993). First, the court asks whether the nature of the government actor's conduct "involves an element of judgment or choice." *Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997) (internal quotations omitted).  Where "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," there is no element of judgment or choice, and the discretionary function exception therefore does not apply.  *Id.* (internal quotations omitted).  If, however, nothing expressly prescribes the conduct, the court moves to the second step to ask whether the judgment at issue "is of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322–23 (internal quotations omitted).  The exception exists "to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." *Id.* at 323 (internal quotations omitted).

Defendant has asserted affirmatively "that there are no federal statutes, regulations, or policies mandating specific security features or procedures that [Defendant] must follow to prevent violent crimes by third parties." (Doc. # 28 at 11; Doc. # 35 at 9.)  Plaintiff has not successfully contested that assertion, but absent publicly available statutes or regulations, it is practically difficult for her to do so. The court will grant Plaintiff an opportunity to contest Defendant's assertion after limited jurisdictional discovery.[4]

Dismissals for lack of subject matter jurisdiction are disfavored where, as here, "the factual and jurisdictional issues are completely intermeshed." *Chatham Condo. Ass'ns v. Century Village, Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979).[5] Defendant is in the best position to know whether an internal hospital policy or procedure exists that would have prevented the assault suffered by Plaintiff.   The court will not

---

[4]  Because Defendant challenges the court's subject matter jurisdiction rather than the merits of Plaintiff's claim at this point, Plaintiff may not conduct discovery on the merits of her claim.  Jurisdictional discovery will be permitted only to investigate whether CAVHCS employees and administrators were under a mandatory duty to avoid allegedly tortious acts or omissions.  *See Loughlin v. United States*, 286 F. Supp. 2d 1, 7–8, n.9 (D.D.C. 2003) (recounting a similar allowance for jurisdictional discovery).

[5]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

foreclose her the opportunity to discover such a policy or to come forward with an applicable mandatory statute or regulation.[6]

The policies cited by Plaintiff do not allow her to overcome the discretionary function exception for two reasons. First, they apply to medical centers participating in Medicare and Medicaid services, of which CAVHCS is not one. *United States v. Blue Cross/Blue Shield of Ala.*, 999 F.2d 1542, 1546 (11th Cir. 1993) (remarking that "VA hospitals may not recover expenses from Medicare"). Second, the regulations do not demand a prescribed course of conduct sufficient to overcome immunity based on the discretionary function exception. Only regulations that mandate a specific course of conduct will apply. *Ochran*, 117 F.3d at 499. A mandatory duty of care is not, itself, a prescribed course of conduct. *See Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998) ("[E]ven if [a statute] imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception.").

The court has not expressed, and does not now express, any opinion on the merits of Plaintiff's claim, and nothing in this or its earlier order (Doc. # 22) should

---

[6] If Plaintiff cannot identify a mandatory duty with the benefit of discovery, the court will move to the second step of the discretionary function analysis and ask whether Defendant's alleged negligence was borne of a decision grounded in considerations of public policy. *Gaubert*, 499 U.S. at 322–23. "Burden of production on policy considerations that might influence challenged conduct must be on government." *Ochran*, 117 F.3d at 504 n.4 (discussing the burden on a motion to dismiss for lack of subject matter jurisdiction based on the discretionary function exception to the FTCA).

be construed to the contrary.  In allowing Ms. Willett's claim to advance, the court does not "foreclose the possibility that, when the facts are developed, it will turn out that governmental discretion is involved to the point where the discretionary function exception in fact applies." *Collazo v. United States*, 850 F.2d 1, 3 (1st Cir. 1986) (reversing grant of motion to dismiss granted by the district court based on discretionary function exception because the plaintiff's claim rested on medical malpractice, not the type of decision meant to be protected by § 2680(a)).

## C.    Plaintiffs have stated a claim upon which relief can be granted.

Defendant's Rule 12(b)(6) motion is due to be denied.  Plaintiff's Second Amended Complaint (Doc. # 23) satisfies Rule 8's requirement that a complaint offer a short and plain statement of Plaintiff's claim.  Plaintiff pleads facts indicating that a special relationship existed between her and CAVHCS.  She alleges that CAVHCS employees and administrators were aware of the dangerous propensities of her assailant and that they nonetheless failed to protect her.  Her pleading – while short and plain – is enough to create a reasonable expectation discovery will reveal evidence in her favor. *See Twombly*, 550 U.S. at 556 (stating the standard for a Rule 12(b)(6) motion and for pleading under Rule 8).

## V.  CONCLUSION

Accordingly, it is ORDERED that Defendant's Motion to Dismiss (Doc. # 27) is DENIED.  Defendant may refile its motion **on or before September 9, 2013**.

It is further ORDERED that Plaintiff is GRANTED LEAVE to conduct limited jurisdictional discovery.  Discovery is limited to the existence of a statute, regulation, or policy specifically prescribing a course of action such that there was no element of judgment or choice for CAVHCS employees and administrators.  Discovery on the merits will not be permitted.

It is further ORDERED that based on said discovery, Plaintiff should file a response to any motion to dismiss from Defendant **on or before September 30, 2013**. The Defendant's reply brief, if any, shall be filed **on or before October 7, 2013**.  The court's General Briefing Order (Doc. # 29) otherwise remains in effect.

It is further ORDERED that Plaintiff's Motion to Strike (Doc. # 33) is DENIED.  Motions to strike are permissible only to ask the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  A motion is not a pleading. Fed. R. Civ. P. 7(a) (listing types of pleadings).

DONE this 27th day of June, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE